UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-20281-EA

BRIAN FORSYTHE,

    Plaintiff,

v.

NCL (Bahamas) Ltd.,

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Brian Forsythe, by and through undersigned counsel, hereby files this Motion for Sanctions for Failure to Comply with Discovery Order ("Motion") and states as follows:

1. This action stems from an entirely preventable, alcohol-fueled, racist attack by Blaine Krimmel ("the Attacker") on Plaintiff while on Defendant's vessel that occurred in the early morning hours of January 24, 2024.

2. Defendant overserved the Attacker alcohol aboard the vessel, leading him to physically attack and racially disparage Plaintiff.

3. Despite Defendant's security witnessing the attack, during which Plaintiff attempted to de-escalate the situation and acted only in self-defense, they failed to restrain the Attacker, leaving Plaintiff with severe injuries.

4. Immediately afterward, Defendant's security inexplicably detained Plaintiff while baselessly accusing him of being the instigator, accusing him of sexual assault, and threatening

him and his family in a disparaging manner, all while refusing him medical treatment despite obvious, severe injuries.

5. Plaintiff now brings the following claims:

> 1) Strict Liability for False Imprisonment; 2) Strict Liability for Intentional Infliction of Emotional Distress; 3) Vicarious Liability for Failure to Prevent Assault; 4) Vicarious Liability for Overserving the Attacker Alcohol; 5) Direct Liability for Failure to Safely Maintain the Premises; and 6) Direct Liability for Negligent Training.

6. On August 13, 2025, Plaintiff filed a Motion to Compel. (Doc. 25.)

7. After hearing argument on the Motion to Compel on September 9, 2025, the Court entered an Order stating in relevant part:

> For Interrogatory number 16, the Motion is **GRANTED**. Defendant shall respond to Plaintiff's request for information regarding incidents involving physical altercations between passengers in a public area with the allegations that security failed to control the situation for the last three years prior on any vessel fleetwide[.]

(Doc. 33 at 1.)

8. Notably, at the hearing on the Motion to Compel, opposing counsel admitted that there were **over 250 incidents responsive to the subject request**. (*See* H'rg. Tr. at 8) ("Exhibit A").

9. Despite this assertion and the Court's clear ruling, Defendant has failed to produce any of the information requested in Interrogatory number 16.

10. Notably, this was not an isolated failure in discovery, but rather part of a larger strategy by Defendant to flout its discovery obligations at every turn in this case, warranting a finding of bad faith.

11. For example, Defendant only produced the majority of the requested CCTV footage after Plaintiff was forced to file a Motion for Spoliation Sanctions because Defendant had repeatedly stated that it had no more to produce.

12. Additionally, Defendant has submitted an entirely deficient privilege log, pursuant to the **Florida** Rules of Civil Procedure, that falls woefully short of the strict standard on privilege logs set forth in Local Rule 26.1. (*See* Def's Privilege Log) ("Exhibit B").

13. Additionally, one of Defendant's witnesses blatantly lied during his deposition while answering even the most basic questions, first testifying that he had not had any communication with any attorney prior to his deposition, but later testifying that he had in fact previously met with an attorney. (*See* Malayil Depo., Pg. 12- 14, contrast to Pg. 97) ("Exhibit C").

14. In sum, Defendant's failure to follow a clear Court Order and produce the subject information, coupled with its other discovery failures, warrants a finding of bad faith and the imposition of the harshest sanctions for discovery abuses.

**WHEREFORE**, Plaintiff requests that the Court grant this Motion in its entirety, find that Defendant's failure to abide by the Court's prior Order was in bad faith, sanction Defendant by entering default judgment against it, or any other appropriate sanctions, award Plaintiff his reasonable expenses incurred in making the Motion, as well as any other relief the Court deems just and proper.

## MEMORANDUM OF LAW

### I. Standard

Federal Rule of Civil Procedure 37(b)(2) states in relevant part:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> (A) **For Not Obeying a Discovery Order**. If a party or a party's officer, director, or managing agent . . . fails to obey an order to

provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
. . .

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

As stated by the Eleventh Circuit:

> This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule. For example, a default judgment sanction requires a willful or bad faith failure to obey a discovery order. Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. In addition, the Supreme Court has interpreted the Rule 37 requirement of a just sanction to represent general due process restrictions on the court's discretion. Finally, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.

*Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citations and quotations omitted) (finding that "the defendants richly deserved the sanction of a default judgment" when they failed to obey discovery orders).

## II.     Analysis

As set forth above, Defendant has once again flouted its discovery obligations in this case. In doing so this time, however, Defendant has disobeyed a direct Court Order to produce the information sought in Interrogatory number 16.  (Doc. 33.)  The information clearly exists, as opposing counsel admitted at the hearing on the Motion to Compel that a response would encompass **at least 250 prior incidents**. (*See* Exhibit A.)  Nevertheless, to date, Defendant has not answered the Interrogatory.[1]

However, the discovery issues do not stop there.  As set forth above, Defendant also failed to produce almost all relevant CCTV footage until Plaintiff filed a Motion for Spoliation Sanctions, at which point additional footage was magically "found."  Defendant has also submitted an entirely deficient privilege log and produced a witness for deposition who blatantly perjured himself.  The Eleventh Circuit has considered longitudinal behavior in discovery when affirming a finding of bad faith.  *See Malautea*, 987 F.2d at 1542 (affirming the district court's finding of bad faith in discovery where the defendants violated multiple discovery orders).

In sum, the Court should find that Defendant acted in bad faith when it failed to produce the information required by the Court's prior Order.  Given the number of clear discovery abuses by Defendant in this case, any lesser sanction than entry of default judgment will not suffice to deter such conduct.  Nevertheless, if the Court finds that sanction too harsh, Plaintiff requests that the Court exercise its broad discretion in sanctioning Defendant for its clear violation of a

---

[1] Following the entry of the Order (Doc. 33) NCL has since produced seven passenger injury statements, far short of the 250 stated in open court, and has not supplemented with an Interrogatory answer as required by the court order.

discovery Order.  Plaintiff also requests its reasonable expenses incurred in making the Motion pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

### III. Conclusion

**WHEREFORE**, Plaintiff requests that the Court grant this Motion in its entirety, find that Defendant's failure to abide by the Court's prior Order was in bad faith, sanction Defendant by entering default judgment against it, or any other appropriate sanctions, award Plaintiff his reasonable expenses incurred in making the Motion, as well as any other relief the Court deems just and proper

Dated: January 14, 2026.

### LOCAL RULE 7.1(a)(3) CERTIFICATE

Pursuant to Local Rule 7.1(a)(3) of this Court, counsel for Plaintiff certifies that he conferred with counsel for Defendant who opposes the relief requested in this motion.

Respectfully submitted,

**Thomas Graham, Esq.**
*Counsel for Plaintiffs*
**MAUSNER GRAHAM INJURY LAW PLLC**
25 SE 2nd Avenue, Suite 808
Miami, Florida 33131
P: (305) 344-4878
F: (305) 800-8677
E: tom@mginjuryfirm.com
E: eservice@mginjuryfirm.com

By:   */s/ Thomas Graham*
**Thomas Graham, Esq.**
**FBN: 89043**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed into the CM/ECF system this 14th day of January 2026, which will provide a copy to all counsel of record.

By:   /s/ *Thomas D. Graham*